22 F.3d 1104
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Joyce A. CHAPMAN, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 94-3067.
 United States Court of Appeals, Federal Circuit.
 March 16, 1994.
 
 Before RICH and CLEVENGER, Circuit Judges, and MILLS, District Judge.*
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Petitioner, Joyce A. Chapman, seeks review of the October 1, 1993 final decision of the Merit Systems Petition Board (MSPB or board), Docket No. BN0752930131I1, denying her petition for review of the initial decision dismissing her appeal after the parties had entered into a written settlement agreement. We affirm.
 
 DISCUSSION
 
 2
 Ms. Chapman was a typing secretary for the Internal Revenue Service (IRS). On February 1, 1993, she was issued a notice of proposed adverse action, in the form of removal, for making a false statement to her branch chief and eight instances of willful disobedience of a direct order. After review, the IRS sustained the false statement charge and six of the willful disobedience charges. Consequently, Ms. Chapman was removed from her position effective April 5, 1993. On April 9, 1993, Ms. Chapman filed an appeal to the MSPB of the removal action. A hearing was scheduled for June 11, 1993. On June 3, 1993, however, Ms. Chapman, through her counsel, indicated to the IRS and the Administrative Judge (AJ) that the parties had reached a satisfactory settlement agreement.[1] The executed settlement agreement was reviewed by the AJ and, at the parties request, entered into the record resulting in the dismissal of the pending appeal. Ms. Chapman now asserts that no real decision was ever made.
 
 
 3
 Once a MSPB appeal has been withdrawn, the board's policy is not to reinstate it in the absence of unusual circumstances such as misinformation or new and material evidence. Jackson v. Department of Air Force, 45 MSPR 483, 484 (1990). In particular, the Board has refused to reinstate appeals where the appellant has failed to submit any evidence or argument in support of invalidating the prior withdrawal on any basis. See, e.g., Beasley v. Defense Logistics Agency, 38 MSPR 25, 28 (1988); Eads v. O.P.M., 36 MSPR 505, 507 (1988). Here, Ms. Chapman states that she knowingly and willingly "signed off as resigning" and withdrew her appeal when she entered into the settlement agreement with the IRS. Ms. Chapman asserts that she signed the settlement agreement so that she could resign with a clear record and because she did not want to spend additional funds on attorney fees. Ms. Chapman also indicated that she did not want to attend the hearing because she dreaded seeing her co-workers again. While these reasons may have been the impetus behind Ms. Chapman's decision to enter into the settlement agreement, they do not affect its validity or its binding effect. Ms. Chapman, whatever her reasons, knowingly, voluntarily and with advise of competent counsel entered into a settlement agreement withdrawing her appeal. In doing so, she expressly agreed not to challenge her voluntary resignation in any forum on any basis.
 
 
 4
 We review decisions of the board under a narrow standard. The board's decision must be affirmed by this court unless it is found to be arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); see Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Ms. Chapman has not provided any evidence or argument in support of invalidating the settlement agreement. The AJ properly reviewed the settlement agreement, entered it into the record at the request of both parties, and properly dismissed the appeal.
 
 
 
 *
 Honorable Judge Richard Mills, District Judge, Central District of Illinois, sitting by designation
 
 
 [1]
 The settlement agreement clearly sets out the terms to which the IRS and Ms. Chapman agreed. Ms. Chapman did not bargain for and is therefore not entitled to lost wages or assistance with a transfer as she now requests